UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Cedric Greene,

    Plaintiff

v.

The People of the State of California,

    Defendant

Case No.: 2:15-cv-300-JAD-PAL

**Order Order Adopting Report and Recommendation [Doc. 4], and Dismissing this Action with Prejudice**

    Cedric Greene filed this action seeking to expunge a California state criminal record.[1] Magistrate Judge Peggy Leen determined that this district lacks subject matter jurisdiction to entertain that request, and who recommended I dismiss Greene's complaint with prejudice.[2] In her recommendation, Magistrate Judge Leen noted that "Greene does not identify any federal or state statute that would authorize this Court to provide the relief he requests," and she explains that California law requires Greene to file his petition in the superior court for the county in which he was convicted if he wishes to expunge a conviction.[3] Greene filed an objection.[4]

    When a party files specific written objections to a United States magistrate judge's findings and recommendations,[5] the district court must make a de novo determination of those portions of the report to which objections are made.[6] The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations.[7] The standard of review for the unobjected-to

---

[1] *See* Doc. 5.

[2] Doc. 4.

[3] *Id.* at 3.

[4] Doc. 8.

[5] 28 U.S.C. § 636(b); D. Nev R. IB 3-2.

[6] *Id.*

[7] *Id.*

portions of the report and recommendation is left to the district judge's discretion.[8]  Moreover, "no review is required of a magistrate judge's report and recommendation unless objections are filed,"[9] and this district's Local Rule IB 3-2(b) requires *de novo* consideration of specific objections only.[10]

Greene's objection fails to direct me to any particular portion of Magistrate Judge Leen's report and recommendation he finds objectionable.  Instead, Greene uses his "objection" to explain that "the codes told him to submit this action to Nevada's District and allow it to determine what Judicial level the District wish for this matter to be at," and speculates whether he should "take the risk and use a street tactic to go after the person that owe him?"[11]  Greene's expression of futility apparently stems from his difficulties litigating this dispute in the California courts; he complains that going "to any Downtown Los Angeles Court to get approval to litigate a case is like asking Magic Johnson to return to the game of Basketball to play for the Los Angeles Lakers."  He recounts that an order entered in one of his California matters "was so disrespectful to the point that Justice did not permit for this matter to go before any Court within California within Los Angeles County."[12]  According to Greene, the order was "disrespectful" because it stated that "California's state parole [board] did not act unreasonab[ly] when they incarcerated Greene."[13]

Greene's various points bear no relationship to Judge Leen's findings and recommendation

---

[8] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (a "district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original).

[9] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). See also *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[10] *Id.*; *United States v. Burkey*, 2009 WL 1616564, at *2 (D. Nev. June 8, 2009) (finding that defendant did not specifically object to magistrate judge's recommendation denying motion to dismiss criminal indictment, where defendant "copied and posted his Motion to Dismiss and recast it as Objections."); *cf. Carrillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (citing *Burkey*, and nothing that "generalized objections" do not require *de novo* review).

[11] Doc. 8 at 2.

[12] *Id.*

[13] *Id.*

and does nothing to undermine her conclusion that this court lacks subject matter jurisdiction over this case. Even if Greene had managed to specifically object to this central conclusion, I would have overruled it because I agree with Magistrate Judge Leen that the District of Nevada lacks jurisdiction to review his California matter. Without subject matter jurisdiction over Greene's claim, I proceed no further.

Accordingly, with good cause appearing and no reason for delay, it is hereby ORDERED that Magistrate Judge Leen's report and recommendation **[Doc. 4] is ADOPTED** in its entirety and Greene's objections [Doc. 8] are overruled.

It is FURTHER ORDERED that this case is DISMISSED with prejudice. The Clerk of Court is instructed to close this case.

DATED June 3, 2015.

_____
Jennifer A. Dorsey
United States District Judge

**Clerk to notify:**

**Cedric Greene**
545 South San Pedro St.
Los Angeles, CA 80013

3