**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Cedric Greene,

    Plaintiff,

v.

The People of the State of California,

    Defendant.

Case No.: 2:15-cv-300-JAD-PAL

**Order Denying Motion for Reconsideration [Doc. 11]**

After being declared a vexatious litigant in his home state of California, pro se plaintiff Cedric Greene moved his litigation to Nevada, where he has filed ten cases[1] just this year. By this case, Greene seeks to expunge a 2003 California Superior Court conviction.[2] Magistrate Judge Peggy Leen determined that this district lacks subject matter jurisdiction to entertain that request, and she recommended I dismiss Greene's complaint with prejudice.[3] Greene objected,[4] and I overruled his objections because he "fail[ed] to direct me to any particular portion of Magistrate Judge Leen's report and recommendation he finds objectionable."[5] I also noted that, even if I had grounds to consider Magistrate Judge Leen's findings *de novo*, I would have adopted them.[6] I dismissed this

---

[1] Plaintiff has filed ten cases in this district since January 20, 2015. *See Greene v. Greyhound Lines, Inc.*, 2:15-cv-00115-GMN-PAL (filed January 20, 2015); *Greene v. Greyhound Lines, Inc.*, 2:15-cv-00174-RFB-GWF (filed January 30, 2015); *Greene v. Sprint Nextel Corporation*, 2:15-cv-00238-RFB-NJK (filed February 11, 2015); *Greene v. The People of the State of California*, 2:15-cv-300-JAD-PAL (filed February 18, 2015); *Greene v. The People of the State of California*, 2:15-cv-378-JAD-PAL (filed March 3, 2015); *Greene v. Alhambra Hospital Medical Center*, 2:15-cv-00451-JAD-NJK (filed March 11, 2015); *Greene v. Logisticare Solutions, LLC*, 2:15-cv-00523-RFB-NJK (filed March 23, 2015); *Greene v. Taylor*, 2:15-cv-598-APG-CWH (filed April 1, 2015); *Greene v. Los Angeles Police Department*, 2:15-cv-815-APG-PAL (filed April 30, 2015); *Greene v. Chapman*, 2:15-cv-887-GMN-NJK (filed May 12, 2015).

[2] *See* Doc. 5 at 2; *see also* 2:15-cv-378-JAD-PAL (duplicate action).

[3] Doc. 4.

[4] Doc. 8.

[5] Doc. 9 at 2.

[6] *Id.* at 2-3.

case and ordered the clerk to enter judgment accordingly.[7]

Greene now moves for reconsideration of my order of dismissal.[8]  Although the federal rules do not expressly authorize motions for reconsideration, courts routinely consider a request for reconsideration under Federal Rule of Civil Procedure 59(e) if, as here, the request is brought within 28 days of judgment.[9]  The court grants reconsideration only if the movant: (1) presents newly discovered evidence, (2) shows that the district court committed clear error or the initial ruling was manifestly unjust, or (3) identifies an intervening—and material—change in controlling law.[10]  Reconsideration is well recognized as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[11]

Greene has not demonstrated that reconsideration is warranted here; he never mentions the merits of my order dismissing this case.  His arguments are targeted instead at asking this court to send his case to another jurist: a circuit court other than the Ninth Circuit, or perhaps the chief judge in this district or a Nevada State Court.[12]  Greene has offered no authority for this relief, and I decline to grant it.  If Greene desires to further challenge my dismissal, he must do so through the appellate process and in accordance with the rules of the Federal Rules of Appellate Procedure.

. . .

---

[7] *Id.* at 3.

[8] Doc. 11 at 1.

[9] Fed. R. Civ. P. 59(e).

[10] *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[11] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2007) (quotation omitted).

[12] Doc. 11 at 1–2.

Accordingly, it is HEREBY ORDERED that Cedric Greene's Motion for Reconsideration **[Doc. 11] is DENIED**.

DATED July 16, 2015

_____
Jennifer A. Dorsey
United States District Judge

**Clerk to notify:**

**Cedric Greene**
**545 South San Pedro St.**
**Los Angeles, CA 80013**